UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
ATHANASIA SGOURIS,

                Plaintiff,

                Civil Action No.: _____

     -against-

                **COMPLAINT**

CREDITORS FINANCIAL GROUP LLC
and DOES 1-10,

                Defendants.
------------------------------------------------------------x

      Plaintiff, ATHANASIA SGOURIS, by her undersigned counsel, complaining of the Defendants, states as follows:

**JURISDICTION**

      1.     Plaintiff brings this action seeking redress on account of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA" or the "Act").

      2.     This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

      3.     Supplemental jurisdiction should be exercised pursuant to 28 U.S.C. § 1367.

      4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

      5.     Plaintiff, Athanasia Sgouris ("Sgouris"), is an adult individual residing in Stamford, Connecticut. With respect to the transactions underlying this Complaint, Plaintiff is a

"consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Creditors Financial Group LLC ("CFG") is a New York limited liability company with a principal place of business at 30 Hazelwood Drive #108, Buffalo, NY 14228. CFG operates as a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by CFG and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once his identities are disclosed through discovery.

8. CFG at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

9. Plaintiff is alleged to have incurred a financial obligation (the "Debt") which arose from services provided or goods sold by a Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. The Debt was thereafter purchased, assigned or transferred to CFG for collection, or CFG was employed to collect the Debt.

8. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a (2).

10. The Defendants, in an effort to collect the Debt, telephoned Plaintiff multiple times each day.

11. Among other things, the Defendants persisted in telephoning the Plaintiff early in the morning and late in the evening.

12. Sgouris has suffered and continues to suffer actual damages as a result of the Defendants' unlawful tactics.

13. As a direct consequence of Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment.

## COUNT I

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants contacted the Plaintiff by phone at places and times known to be inconvenient for the Plaintiff

16. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that the Defendants phoned the Plaintiff before the hour of 8:00 a.m. and after the hour of 9:00 p.m., local time.

17. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that the Defendants caused Plaintiff's phone to ring and engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to annoy, abuse or harass the Plaintiff.

18. Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

19. By virtue of the foregoing, Plaintiff is entitled to recover damages under the FDCPA consisting of statutory damages, actual damages in such amount as is determined by the Court, costs, attorneys' fees and such other and further relief as to the Court may seem just and proper.

## COUNT II

### INVASION OF PRIVACY
### BY INTRUSION UPON SECLUSION

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The State of Connecticut recognizes an individual's right to be free from invasions of privacy.

22. By engaging in the foregoing course of telephone conduct the Defendants intruded upon Plaintiff's solitude, seclusion, private affairs and private concerns.

23. The Defendants' telephonic intrusions were intentional.

24. The Defendants' telephonic intrusions were highly offensive to the Plaintiff.

25. The Defendants' telephonic intrusions placed a substantial burden upon Plaintiff's existence.

26. The Defendants' telephonic intrusions were tantamount to "hounding."

27. The Defendants' telephonic intrusions would be highly offensive to a reasonable person.

28. The foregoing acts, practices and conduct were undertaken by the Defendants with malice, intent, wantonness and recklessness and without regard for Plaintiff's rights.

29. As a result of the foregoing, Plaintiff is entitled to recover her actual damages in an amount to be determined at trial together with such punitive damages as the Court deems appropriate.

## COUNT IV

### VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, *et seq.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendant is a "person" within the meaning of Conn. Gen. Stat. § 42-110a(3).

32. The acts, practices and conduct engaged in by the Defendants and described in this Complaint constitute unfair and deceptive acts and practices in the conduct of Defendants' trade, in violation of Conn. Gen. Stat. § 42-110b(a).

33. By virtue of the foregoing, Plaintiff has been damaged and is entitled to recover damages from the Defendants.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. Actual damages from Defendant for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

5

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: Stamford, Connecticut
September 8, 2009

> LEMBERG & ASSOCIATES L.L.C.
> *Attorneys for Plaintiff*
>
> By: _____
> Sergei Lemberg
> 1100 Summer Street, 3rd Floor
> Stamford, CT 06905
> Telephone: (203) 653-2250
> Facsimile: (877) 795-3666
> slemberg@lemberglaw.com